******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RECALL TOTAL INFORMATION MANAGEMENT,
INC., ET AL. *v*. FEDERAL INSURANCE
COMPANY ET AL.
(SC 19291)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued April 27—officially released May 26, 2015*

*Edmund M. Kneisel*, pro hac vice, with whom were *Lawrence G. Rosenthal* and *Matthew T. Wax-Krell*, for the appellants (plaintiffs).

*Melicent B. Thompson*, with whom, on the brief, was

*Eric S. Lankton*, for the appellee (named defendant).

*Robert D. Laurie*, with whom, on the brief, was *Elizabeth F. Ahlstrand*, for the appellee (defendant Scottsdale Insurance Company).

*Heather Spaide*, *William Passanante*, *Joshua Gold* and *Amy Bach* filed a brief for United Policyholders as amicus curiae.

*Jeffrey J. Vita* and *Gregory D. Podolak* filed a brief for Professional Records and Information Services Management International, Inc., as amicus curiae.

*Laura A. Foggan*, pro hac vice, *Edward R. Brown* and *Todd A. Bromberg* filed a brief for American Insurance Association et al. as amici curiae.

*Opinion*

PER CURIAM. This case concerns the scope of coverage afforded by personal injury clauses in two liability insurance policies and whether, pursuant to those policies, the insurers had a duty to defend the insured parties in settlement negotiations. The plaintiffs, Recall Total Information Management, Inc. (Recall), and Executive Logistics Services, LLC (Ex Log), appeal from the judgment of the Appellate Court affirming the trial court's summary judgment rendered in favor of the defendants, Federal Insurance Company (Federal) and Scottsdale Insurance Company (Scottsdale).[1] *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 147 Conn. App. 450, 465, 83 A.3d 664 (2014). The plaintiffs claim that the Appellate Court improperly concluded that: (1) the defendants did not waive coverage defenses by breaching their duty to defend the plaintiffs in settlement negotiations; and (2) the policy provisions at issue did not afford coverage for claims made against the plaintiffs by a third party. We disagree and, accordingly, affirm the judgment of the Appellate Court.

Recall contracted with International Business Machines (IBM) to transport and store computer tapes containing personal information of current and former IBM employees. Recall subsequently subcontracted with Ex Log to provide transportation services for the tapes. In connection with these agreements, Federal and Scottsdale issued, respectively, a commercial general liability policy and an umbrella liability policy to Ex Log, both of which policies named Recall as an additional insured. Ex Log lost the computer tapes when they fell from Ex Log's truck onto the roadside and were retrieved by an unknown individual. There is no evidence that anyone ever accessed the information on the tapes or that their loss caused injury to any IBM employee, but IBM spent significant sums providing identity theft services and, in informal negotiations, sought reimbursement of those sums from Recall and, by extension, Ex Log. The defendants were notified of the loss of the computer tapes and the settlement negotiations but declined to participate in those negotiations or to provide coverage to the plaintiffs under the policies.

Thereafter, the plaintiffs commenced the present action against the defendants alleging, inter alia, breach of the insurance contracts. The plaintiffs alleged that the loss of the computer tapes constituted a "personal injury," which was defined by the policies in relevant part as an "injury . . . caused by an offense of . . . electronic, oral, written or other publication of material that . . . violates a person's right of privacy . . . ."[2] The defendants filed separate motions for summary judgment with respect to the breach of contract count on the basis that, as a matter of law, they had no duty to defend the plaintiffs in the settlement negotiations

and the plaintiffs' loss was not covered by the policies. The trial court granted the defendants' motions for summary judgment after concluding that the defendants had not waived coverage defenses by failing to defend the plaintiffs and that the plaintiffs' losses were not within the scope of the personal injury clauses of the policies. The plaintiffs' appeal to the Appellate Court followed.

The Appellate Court affirmed the trial court's rendering of summary judgment in favor of the defendants. *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, supra, 147 Conn. App. 465. The Appellate Court first concluded that there was no breach of the duty to defend that would preclude the defendants from raising coverage defenses because the settlement negotiations involving the plaintiffs and IBM did not constitute a "[s]uit" or "other dispute resolution proceeding," which, pursuant to the policies, would have triggered a duty to defend. Id., 460–61. The Appellate Court then concluded that the loss of the computer tapes did not constitute a "personal injury" as defined by the policies because there had been no "publication" of the information stored on the tapes resulting in a violation of a person's right to privacy. Id., 462–65.

We thereafter granted the plaintiffs' petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court properly affirm the trial court's summary judgment rendered in favor of the defendants?" *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 311 Conn. 925, 86 A.3d 469 (2014). Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed. Because the Appellate Court's well reasoned opinion fully addresses the certified issue, it would serve no purpose for us to repeat the discussion contained therein. We therefore adopt the Appellate Court's opinion as the proper statement of the issue and the applicable law concerning that issue. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014).

We are compelled to make one observation regarding the Appellate Court's opinion. In reciting the applicable standard of review when a trial court's decision to grant a motion for summary judgment is challenged on appeal, the Appellate Court correctly stated that such review is plenary. *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, supra, 147 Conn. App. 457. The Appellate Court, however, also stated that, "[o]n appeal . . . the burden is on the . . . party [opposing summary judgment] to demonstrate that the trial court's decision to grant the movant's summary judgment [motion] *was clearly erroneous*." (Emphasis added; internal quotation marks omitted.) Id.[3] We

hereby disavow this latter statement as an inaccurate description of the law governing appellate review of summary judgment dispositions. We nevertheless emphasize that it is clear from our careful review of the Appellate Court's decision that it did not actually apply this improper standard when reviewing the trial court's decision but, rather, properly engaged in plenary review.

The judgment of the Appellate Court is affirmed.

[1] Sinclair Risk and Financial Services, LLP, also was named as a defendant in the trial court, but was not a party to the appeal in the Appellate Court and is not involved in this appeal. References herein to the defendants are to Federal and Scottsdale.

[2] The Federal and Scottsdale policies used similar, nearly identical language. For purposes of this opinion, we quote the relevant language from the policy issued by Federal.

[3] The quoted language originates from an earlier Appellate Court opinion; see *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998); and has been repeated in other Appellate Court opinions, although, for the most part, not recently. The language has always been accompanied by the correct standard of review, however, and there is no indication that the incorrect statement of law affected the disposition of any appeal.